# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

MICHAEL BURNETT
WEATHERSPOON,

          Petitioner,

vs.

JOHN F. AULT,

          Respondent.

No. C05-3051-MWB

**REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF
HABEAS CORPUS**

---

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On March 26, 1998, Michael Burnett Weatherspoon was charged in Cerro Gordo County, Iowa, District Court with the murder of Jerry Wayne Dean. After a jury trial, Weatherspoon was convicted of First Degree Murder, and was sentenced to life imprisonment. He appealed, and his appeal was referred to the Iowa Court of Appeals. The court affirmed his conviction, and the Iowa Supreme Court denied his application for further review.

On April 6, 2001, Weatherspoon filed an application for post-conviction relief in Cerro Gordo County District Court. After a bench trial, the application was denied. Weatherspoon appealed, and his appeal again was referred to the Iowa Court of Appeals. On March 31, 2005, the court affirmed the denial of his application, and Weatherspoon did not seek further review by the Iowa Supreme Court.

On August 19, 2005, Weatherspoon filed a *pro se* application for habeas corpus relief in this court under 28 U.S.C. § 2254. Doc. No. 3. The court granted his request for appointment of counsel, Doc. No. 2, and his court-appointed lawyer filed an amended application on April 3, 2006, Doc. No. 15. On November 30, 2006, Weatherspoon filed a brief on the merits. Doc. No. 23. On February 19, 2007, the respondent ("the State") filed a response. Doc. No. 26. Weatherspoon filed a reply brief on April 2, 2007. Doc.

No. 29.  On March 6, 2008, this action was referred to the undersigned for a submission of a report and recommended disposition of the case.  Doc. No. 35.  The undersigned held telephonic arguments on the application on April 22, 2008.  The matter now is fully submitted.

The factual background of the case was summarized by the Iowa Court of Appeals in its opinion on Weatherspoon's direct appeal (*see State v. Weatherspoon*, 2000 WL 328056 (Iowa Ct. App. March 29, 2000) (*Weatherspoon I*)), and again in its opinion on his post-conviction appeal (*see Weatherspoon v. State*, 697 N.W.2d 126 (table), 2005 WL 723882 (Iowa Ct. App. March 31, 2005) (*Weatherspoon II*)).  In a habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," absent rebuttal by the petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Accordingly, this court adopts the factual findings of the Iowa Court of Appeals for purposes of this proceeding.

In its opinion on Weatherspoon's direct appeal, the Iowa Court of Appeals summarized the facts of the case as follows:

> Delona Webster was an exotic dancer at The Outer Edge, a dance club in Mason City, Iowa.  On the evening of March 3, 1998, she met Jerry Dean, an Outer Edge patron.  Dean gave her his address as room 125 in the Willow Run Annex.
>
> After 1:30 a.m. that evening Michael Weatherspoon, Webster's companion, took Webster and her two children to the Willow Run Annex to rendezvous with Dean.  After being invited in by Dean, Dean asked Webster about having sex and offered $200.  She refused. Webster told Dean she was going to leave.  After considerable negotiations, Dean agreed to a dance.  Webster wanted payment before she danced.  At that time, Weatherspoon came in the door and asked Webster if something was wrong.  Dean and Weatherspoon began to argue about payment for the private dance.  Dean picked up a sheathed knife on a table and approached Weatherspoon.  Weatherspoon punched Dean, and a struggle began.  Weatherspoon obtained control of the knife and stabbed Dean

in the chest. Dean died as a result of the loss of blood due to fourteen separate stab wounds.

As Dean laid bleeding to death, Weatherspoon took Dean's billfold. Weatherspoon, Webster, and the kids left the area. On the way back to their motel Weatherspoon made a derogatory comment and threw Dean's billfold out of the window of the vehicle. Webster disposed of Weatherspoon's bloody clothes in a dumpster. On March 4, 1998, Weatherspoon paid $900 toward the purchase of a Cadillac automobile, using a false name.

Michael Weatherspoon was charged with first-degree murder in violation of Iowa Code sections 707.1 and 707.2(1) or 707.2(2) (1997). Weatherspoon relied on the defense of self-defense. The jury found Weatherspoon guilty of first-degree murder.

*Weatherspoon I*, 2000 WL 328056 at *1.

The PCR appellate court summarized the facts of the case as follows:

On the evening of March 3, 1998, Delona Webster, an exotic dancer, met Jerry Dean at The Outer Edge, a dance club in Mason City, Iowa. Webster agreed to perform a private dance for Dean in exchange for money. She arranged to meet Dean in his hotel room later that night.

At approximately 1:30 a.m. the following morning, Michael Weatherspoon, Webster's companion, drove Webster and her two children to Dean's room. Webster went inside while Weatherspoon remained in the vehicle with the two children. Once inside, Dean and Webster engaged in a lengthy discussion regarding payment for the dance. Before an agreement could be reached, Weatherspoon came to the door. Webster informed him Dean would not agree to her payment terms. Weatherspoon then began to argue with Dean. The argument escalated, and eventually Dean picked up a sheathed knife and approached Weatherspoon. Weatherspoon punched Dean. While Dean was doubled over from the punch [FN1], Weatherspoon obtained control of the knife. He stabbed Dean fourteen times. Prior to fleeing the scene, Weatherspoon took Dean's billfold. Upon leaving the motel, Weatherspoon

discovered the billfold did not contain any money. Weatherspoon then referred to Dean as a "dirty mother fucker" and threw the billfold out the window of his truck. Dean died at the scene of the crime due to loss of blood from his wounds.

> FN1. The record indicates Dean was fifty-five years old, disabled, and intoxicated at the time of the incident.

*Weatherspoon II*, 2005 WL 723882 at *1.

In his amended petition in this court, Doc. No. 15, Weatherspoon asserts four claims: (1) "Mr. Weatherspoon's right to due process under the 5th and 14th amendments was violated because the state failed to prove each and every element beyond a reasonable doubt," *id*. at 4; (2) "Direct appeal counsel rendered ineffective assistance of counsel when he failed to challenge on appeal the trial court's exclusion of Mr. Dean's psychologist's testimony on the issue of character of aggressiveness of the deceased when Michael Weatherspoon had claimed self defense," *id*. at 5-6; (3) "Appellate counsel rendered ineffective assistance of counsel under 6th and 14th amendments by failing to challenge on appeal the trial court's exclusion of six witnesses on the issue of the state of mind of Michael Weatherspoon which was necessary to support his claim of self defense of defense of third party," *id*. at 7; and (4) "Ineffective assistance of trial counsel for failure to seek an accomplice instruction," *id*. at 9.

## II.  STANDARD OF REVIEW

In *Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064 (N.D. Iowa 2008), the Honorable Mark W. Bennett summarized the standards to be applied when considering a request for relief under Section 2254 of Title 28:

> Section 2254(a) states that:
>
> > a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court

> only on the ground that he is in custody in violation of the Constitution . . . of the United States.

28 U.S.C. § 2254(a).

> \* \* \*

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1-2)). An "unreasonable application" of federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407, 120 S. Ct. 1495. It is not enough that the state court applied clearly established federal law erroneously or incorrectly - the application must additionally be unreasonable. *Id*. at 411, 120 S. Ct. 1495; *see Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("an unreasonable application is different from an incorrect one."). Stated differently, a federal court may not grant the petition unless the state court decision,

viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

*Id*. at 1073-74

## III.  WEATHERSPOON'S CLAIMS IN THIS CASE

### A.  Due Process Claim

In his direct appeal, Weatherspoon raised a single issue: he claimed the trial court erred in failing to grant his motion for judgment of acquittal based on insufficient evidence.[1] *Weatherspoon I*, 2000 WL 328056 at *1. In support of this claim, he argued there was insufficient evidence to support a finding that he was not justified in the actions he took. He also argued the court should have reduced the charge to voluntary manslaughter. In this section 2254 action, Weatherspoon rephrases the issue, claiming his right to due process under the fifth and fourteenth amendments to the United States Constitution was violated because the State failed to prove each and every element beyond a reasonable doubt. Doc. No. 23, p. 12. Weatherspoon claims the arguments he presented on direct appeal encompassed the constitutional due process argument he is asserting in the present 2254 action. The State disagrees.

### 1.  Exhaustion/fair presentation/procedural default

The State argues that on direct appeal, Weatherspoon did not fairly present the court with a due process argument under the United States Constitution, and therefore, this claim has not been exhausted. Doc. No. 26, pp. 6-8 (citing *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006)). The State also argues to the extent Weatherspoon is claiming that,

---

[1]This was how the issue was described by the Iowa Court of Appeals. In the "Statement of Issue Presented for Review" section of Weatherspoon's brief to the Iowa Supreme Court, he phrased the issue as follows: "Whether the district court erred in failing to grant the defendant's motion for judgment of acquittal based on the insufficiency of the evidence to support his conviction for murder in the first degree?" Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Sup. Ct. Nov. 2, 1999), p. 1.

if anything, he only should have been convicted of voluntary manslaughter, the claim is procedurally defaulted because it has never before been presented to any court. *Id.* at 8-9.

In his direct appeal brief, Weatherspoon argued as follows:

> The ultimate burden is on the state to prove every fact necessary to constitute the offense with which a defendant has been charged. *State v. Gibbs*, 239 N.W.2d 866, 897 (Iowa 1976) citing *In Re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1075, 25 L. Ed. 2d 368, 375 (1970)  Due process guarantees that no person shall suffer the onus of a conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of each and every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 317, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 571 (1979).  It is sufficient if the evidence raises a fair inference of guilt as to each essential element of the crime, although the evidence must do more than raise suspicion, speculation, or conjecture. *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988), citing *State v. Williams*, 179 N.W.2d 756, 758 (Iowa 1970).  This court held that in reviewing a challenge to the sufficiency of the evidence, the relevant question is whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *State v. Turner*, 345 N.W.2d 552, 555-56 (Iowa 1983); *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). The verdict must be supported by substantial evidence which is "such evidence as could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt." *Robinson*, at 339.

> In order to prove that defendant was guilty of murder in the first degree, the State would have to prove beyond a reasonable doubt that:
> 1. On or about the 4th day of March, 1998, Michael B. Weatherspoon stabbed Jerry Wayne Deane.
> 2. Jerry Wayne Dean died as a result of being stabbed.
> 3. The defendant acted with malice aforethought.
> 4. Either
>     (a) The defendant was participating in an offense of robbery;

or

        (b) The defendant acted willfully, deliberately, premeditatedly and with the specific intent to kill Jerry Wayne Deane.

      5. The defendant was not justified.

(Jury Inst. No. 11) (App. P. 116).

      Defendant filed a notice that he would rely on the defense of self defense at trial, (Notice), and the jury was so instructed. (Jury Inst. No. 23) (App. p. 117). Defendant argues on appeal that the district court erred in not granting defendant's motion for judgment of acquittal.

      A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or other form any imminent use of unlawful force. Iowa Code § 704.3. The State has the burden to prove the defendant's actions were not justified. *State v. Thorton*, 498 N.W.2d 670 (Iowa 1993); *State v. Beyer*, 258 N.W.2d 353 (Iowa 1977).

Appellant's Brief, *State v. Weatherspoon*, No. 98-2214, at 6-8 (Iowa Sup. Ct. Nov. 2, 1999). Weatherspoon then discussed some of the testimony from the trial, *id.* at 8-10, and concluded with the following argument:

      The evidence supports defendant's position that he was justified in defending himself and that the district court should have granted his motion for judgment of acquittal. At the very least, the court should have partially granted defendant's motion and reduced the charge to voluntary manslaughter as the stabbing resulted solely by reason of a sudden, violent, and irresistible passion resulting from serious provocation.

*Id.* at 10.

      In ruling on Weatherspoon's direct appeal, the Iowa Court of Appeals held as follows:

      Claims of this nature are reviewed for errors at law. Iowa R. App. 4; *State v. Nichols*, 572 N.W.2d 163, 163 (Iowa App. 1997). A jury verdict of guilty is binding on appeal unless no substantial evidence in the record exists to support it, or it is

clearly against the weight of evidence. *State v. Forsyth*, 547 N.W.2d 833, 834 (Iowa App. 1996). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997). In determining the sufficiency of the evidence, we review the record in the light most favorable to the State. *State v. Milner*, 571 N.W.2d 7, 10 (Iowa 1997). All the evidence is considered, not merely evidence supporting the verdict. *State v. Walker*, 538 N.W.2d 316, 319 (Iowa App.1995). Direct and circumstantial evidence are equally probative. Iowa R. App. 14(f)(16). Although a jury can base its verdict on circumstantial evidence, the evidence must raise a fair inference of guilt as to each element of the crime. *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992). Discrepancies in the testimony do not preclude proof beyond a reasonable doubt. *See generally State v. Phanhsouvanh*, 494 N.W.2d 219, 233 (Iowa 1992) (jury could adopt evidence if found credible); *Forsyth*, 547 N.W.2d at 836 (jury's function determines credibility and resolves conflicts in evidence). Even if evidence exists, we do not substitute our judgment for that of a jury. *State v. Taylor*, 516 N.W.2d 38, 41 (Iowa App. 1994).

A person is justified in the use of reasonable force when the person reasonably believes such force is necessary to defend oneself or another from any imminent use of unlawful force. Iowa Code § 704.3. When self-defense has been raised by a defendant in a case, the prosecution must establish its non-existence beyond a reasonable doubt. *State v. Cruse*, 228 N.W.2d 28, 30 (Iowa 1975). This defense is two-pronged - an admission a prescribed act was done, and an establishment of an exculpatory excuse that takes the act out of the criminal law. Iowa Code § 704.3. To justify homicide on the ground it was committed in self-defense, four elements must be present:

> (1) the slayer must not be the aggressor in provoking or continuing the difficulty that resulted in the homicide;

> (2) he must retreat as far as reasonable and safe before taking his adversary's life, except in his home or place of business;
>
> (3) he must actually and honestly believe he is in imminent danger of death or great bodily harm and the action he takes is necessary for self-preservation, this danger need not be real, but only thought to be real in the slayer's mind, acting as a reasonable prudent person under the circumstances;
>
> (4) he must have reasonable grounds for such belief.

*State v. Badgett*, 167 N.W.2d 680, 683 (Iowa 1969).

Iowa Code section 704.1 defines reasonable force:

> Reasonable force is that force and no more which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss and can include deadly force if it is reasonable to believe such force is necessary to avoid injury or risk to one's life or safety or the life or safety of another, or it is reasonable to believe such force is necessary to resist a like force or threat. Reasonable force, including deadly force, may be used even if an alternative course of action is available if the alternative entails a risk to life or safety, or the life or safety of a third party requires one to abandon or retreat from one's dwelling or place of business or employment.

Iowa Code § 704.1.

Dean was responsible for starting the confrontation when he picked up the sheath knife and approached Weatherspoon who then struck him and obtained possession of the sheathed knife. Weatherspoon continued the confrontation by stabbing Dean fourteen times with the knife. Dean was fifty-five years old and disabled by an obstructive pulmonary disease, hepatitis, and nerve damage to his right shoulder. At the time of the

incident, he was intoxicated with a blood alcohol content of 0.127. Weatherspoon was twenty-eight years old.

Weatherspoon may have initially believed he was in imminent danger of death or injury and reasonable force was necessary to save himself or Webster. Once he obtained control of the knife, he did not have reasonable grounds for continuing that belief. Weatherspoon became the aggressor. Once Weatherspoon obtained control of the knife, he could have left the premises. Substantial evidence supports the jury's finding Weatherspoon was not justified in the actions that resulted in the death of Dean.

Weatherspoon also contends the trial court should have partially granted his motion and reduced the charge to voluntary manslaughter. He did not preserve this issue for review because it was not raised in the district court, and he fails to cite any authority for this proposition. Iowa R. App. P. 14(a)(3). We deem this issue has been waived. We would note the jury was instructed on voluntary manslaughter and the verdict form contained a choice for this crime.

The trial court was correct in denying Weatherspoon's motion for judgment of acquittal. We affirm.

*Weatherspoon I*, 2000 WL 328056 at **1-3. The court further found, "There is substantial evidence in the record to support the conclusion Weatherspoon was not justified in taking the life of Dean," and denied Weatherspoon's appeal. *See Weatherspoon I*, at *3.

Weatherspoon argues the due process clause of the United States Constitution "requires the State to prove each and every element of a criminal offense beyond a reasonable doubt." Doc. No. 23, p. 14 (citing *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)). He further argues the Supreme Court ruled in *Winship* that a habeas petitioner can "challenge his state conviction based upon the due [process] standard enunciated." Doc. No. 23, p. 14. Weatherspoon notes that in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the Supreme Court held, "After *Winship* the critical inquiry on review of the sufficiency of the evidence to

support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id*. at 318, 99 S. Ct. at 2788-89 (footnote omitted). The Court in *Jackson* explained that "this inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id*. at 318-19, 99 S. Ct. at 2789 (citation omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319, 99 S. Ct. at 2789.

The State argues that although Weatherspoon cited both *Winship* and *Jackson* in his direct appeal brief while mentioning "due process," *see* Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Sup. Ct. Nov. 2, 1999) at 6-7, the substance of Weatherspoon's appellate argument "was based upon Iowa case law concerning the State's evidence rebutting his claim of self defense." Doc. No. 26, p. 7 According to the State, Weatherspoon failed to fairly present a federal due process question to the state appellate court. *See Gray v. Netherland*, 518 U.S. 152, 162, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) (holding that general appeal to broad concept such as due process is insufficient presentation of the issue to state court)); *Voss v. Minnesota*, 2006 WL 1821231at *2 n.5 (D. Minn. 2006) (referencing *Jackson* and *Winship* in appellant's brief was not sufficient to raise federal constitutional issue where substance of argument was based on evidentiary determinations under state law). Therefore, according to the State, Weatherspoon has not exhausted this claim and it has not been preserved for federal review. *See Sweet v. Delo*, 125 F.3d 1144, 1153 (8th Cir. 1997) ("Raising a state-law claim in state court that is merely similar to the constitutional claim later pressed in a habeas action is insufficient to preserve the latter for federal review.") (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (*en banc*).

To reach the issue raised by Weatherspoon, the court first must determine whether the issue was fairly presented to the Iowa courts. In *Frey v. Schuetzle*, 151 F.3d 893 (8th Cir. 1998), the court explained:

> Before a federal court may reach the merits of a claim in a habeas petition by a state prisoner, it "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curium*); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall*, 114 F.3d at 757 (internal quotations omitted).

*Id.*, 151 F.3d at 897. In *Middleton v. Roper*, 455 F.3d 838 (8th Cir. 2006), the court held:

> To satisfy the "fairly present" requirement, Middleton must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in the Missouri state court." [*Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996)] (internal quotation omitted); *see, e.g.*, *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996) (holding "habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review" (citation omitted)).

*Id.*, 455 F.3d at 855. Thus, to determine whether this issue was fairly presented to the Iowa Court of Appeals on direct appeal, the court will examine Weatherspoon's brief to that court. *See* Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Sup. Ct. Nov. 2, 1999).

As part of a "boilerplate" section in his direct appeal brief, Weatherspoon cited to *Winship* and *Jackson* and briefly mentioned "due process," but he made no argument

relying either on these cases or on federal due process. *See* Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Sup. Ct. Nov. 2, 1999) at 7-10. Instead, he discussed the standards for the sufficiency of evidence under Iowa law, *id.* at 7; set out the elements of first degree murder, *id.* at 7-8; and talked about the evidence supporting his self defense claim, *id.* at 8-10. He concluded by arguing, "The evidence supports defendant's position that he was justified in defending himself and that the district court should have granted his motion for judgment of acquittal." *Id.* at 10. In ruling on Weatherspoon's direct appeal, the Iowa Court of Appeals dealt only with the issue of sufficiency of the evidence on Weatherspoon's self-defense claim,[2] and made no mention of federal due process or any other federal claim. *See Weatherspoon I.*

This court finds the Iowa Court of Appeals was justified in not addressing federal due process because the court had not been "fairly presented" with such a claim. *See Gray v. Netherland*, 518 U.S. at 162-63, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996) (fair presentation of due process claim requires more than "a general appeal to a constitutional guarantee"); *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) ("perfunctory reference to due process without discussion does not bring the issue before this court"). Accordingly, this claim has not been exhausted, and it cannot be raised in this case.

Weatherspoon also argued in his direct appeal brief that, "[a]t the very least, the court should have partially granted defendant's motion and reduced the charge to voluntary manslaughter as the stabbing resulted solely by reason of a sudden, violent, and irresistible passion resulting from serious provocation." Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Sup. Ct. November 2, 1999) at 10. The Iowa Court of Appeals rejected this argument because the issue had not been presented to the district court, and because no authority had been presented to support the argument. *Weatherspoon I*, 2000

---

[2]As Weatherspoon conceded in his brief to this court, "The Iowa Court of Appeals [in the direct appeal] . . . only addressed element five: the lack of justification." Doc. No. 23, p. 20.

WL 328056 at *3; *see* Iowa R. App. P. 14(a)(3).[3]  Because this argument was rejected by the Iowa Court of Appeals on "independent and adequate" state procedural grounds, the claim is procedurally defaulted.  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004).  Weatherspoon has not shown cause or prejudice for his failure to preserve this claim for review.

In his reply brief filed in this court (Doc. No. 29), Weatherspoon argues his appellate counsel "did everything necessary to preserve a sufficiency claim based upon the State's failure to establish that Mr. Weatherspoon acted **with** malice aforethought when he killed Dean." *Id.* at 3 (emphasis in original).  To support this contention, he asserts the following:

> On direct appeal, Mr. Weatherspoon's lawyer argued that the "District court erred in failing to grant Defendant's motion for judgment of acquittal to support his conviction for murder in the first degree." Direct Appeal Brief p. 6.  He further cited all five elements in his direct appeal brief.  Dir. App. Brief. pp. 7-8.  At the conclusion of his brief, his appellate lawyer argued, "at the very least, the court should have partially granted the motion and reduced the charge to voluntary manslaughter as the stabbing resulted solely by reason of a sudden, violent, and irresistible passion resulting from serious provocation." Dir. App. Brief pp. 10.

---

[3]The rule now has been renumbered, but at the time of Weatherspoon's appeal, it stated, "Failure in the brief to state, to argue or to cite to authority in support of an issue may be deemed waiver of that issue." *See Hollingsworth v. Schminkey*, 553 N.W.2d 591, 596 (Iowa 1996).

*Id*. at 3-4. In his reply brief, Weatherspoon concludes with the following: "Thus, by arguing that Mr. Weatherspoon should have been found guilty of voluntary manslaughter, appellate counsel implicitly argued that the State failed to prove element 3 of First and Second Degree Murder; that Weatherspoon acted with malice aforethought." *Id*. at 4.

From this, Weatherspoon argues he fairly presented to the Iowa Court of Appeals an argument that at trial, the State failed to prove malice aforethought, and this failure of proof violated his right to due process. The court does not agree. By setting out the elements of the crime in his appellate brief, and then arguing that the State had not proved those elements, Weatherspoon did not give the Iowa Court of Appeals any notice that he was challenging, on federal constitutional grounds, the sufficiency of the evidence on the element of malice aforethought. Weatherspoon did not exhaust this issue in state court, and it therefore is barred in this action. The court recommends this claim be **denied**.

### 2. *Justification/self-defense*

Although the court has found that Weatherspoon did not exhaust his federal due process claim in state court, the court nevertheless will address the merits of one part of this claim; that is, whether the evidence presented at trial on the element of justification was sufficient to support his conviction. It is apparent from a review of his direct appeal brief that this was the only issue Weatherspoon was seriously pursuing in his appeal. *See* Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Sup. Ct. Nov. 2, 1999) at 6-10. The court will address this question from the perspective of federal due process.[4]

Weatherspoon notes that Dean was the aggressor, and brandished the knife at him at the outset of the confrontation. Doc. No. 23, p. 17. The Iowa Court of Appeals agreed, finding, "Weatherspoon may have initially believed he was in imminent danger

---

[4]As Weatherspoon states in his brief to this court, "This case revolves around one fundamental question: Did the State prove beyond a reasonable doubt that Weatherspoon was not justified in killing Dean in self defense?" Doc. No. 23, p. 17.

of death or injury and reasonable force was necessary to save himself or Webster." *Weatherspoon I*, 2000 WL 328056 at *2. Weatherspoon argues he was justified in not "just walk[ing] away in the middle of a fight with a drunken manic depressive man with a history of brandishing knifes [sic] who had only recently been committed for alcoholism." Doc. No. 23, p. 17.

The State points to other evidence in the record to support a finding that Weatherspoon was not justified in killing Jerry Dean. At the time of the confrontation, Dean was fifty-five years old, disabled by numerous health conditions, and intoxicated. Weatherspoon was twenty-eight years old. When Dean approached Weatherspoon with the knife, it was sheathed. After Weatherspoon wrestled the knife away from Dean, he stabbed Dean fourteen times. The State forensic doctor testified that "a lot of force" was required for the stab wounds. Webster testified that she did not see any cuts or scrapes on Weatherspoon's hands, and he had no cuts on his hands when he was arrested two weeks later. As found by the Iowa Court of Appeals, "Weatherspoon may have initially believed he was in imminent danger of death or injury and reasonable force was necessary to save himself or Webster. Once he obtained control of the knife, he did not have reasonable grounds for continuing that belief. Weatherspoon became the aggressor. Once Weatherspoon obtained control of the knife, he could have left the premises." *Weatherspoon I*, 2000 WL 328056 at *2.

After viewing the evidence in the light most favorable to the prosecution, the court cannot say that no rational trier of fact could have found beyond a reasonable doubt that Weatherspoon was not justified in killing Jerry Dean. *See Jackson* at 319, 99 S. Ct. at 2789.

## B. Ineffective Assistance of Counsel Claims

In his state post-conviction case, Weatherspoon asserted numerous *pro se* claims, including claims of ineffective assistance of appellate counsel, ineffective assistance of trial counsel, and the denial of his right to a fair trial and an impartial verdict. However, in his state post-conviction appeal, he raised a single issue:

> On appeal, Weatherspoon avers he received ineffective assistance of counsel because appellate counsel failed to challenge the trial court's exclusion of testimony from the following seven witnesses: 1) Dr. Jeffrey Jackson, the victim's psychiatrist; 2) Charles Stitts; 3) Jewel Brinson; 4) Wayne Dotzler; 5) James Jones; 6) Robert Harris; and 7) Joseph Nissen.[5]

*Weatherspoon II*, 2005 WL 723882 at *1. In his brief in the present action, Doc. No. 23, Weatherspoon asserted three ineffective assistance of counsel claims: (1) he claims his direct appeal counsel was ineffective in failing to challenge on appeal the trial court's exclusion of the testimony of Mr. Dean's psychologist, *id*. at 32-58; (2) he claims his direct appeal counsel was ineffective in failing to challenge on appeal the trial court's exclusion of six witnesses on the issue of Weatherspoon's state of mind, *id*. at 58-68; and (3) he claims his trial counsel was ineffective in failing to seek an accomplice instruction regarding Delona Webster's testimony, *id*. at 68-71. The first two issues, alleging ineffective assistance of appellate counsel, are equivalent to the single issue described by

---

[5]This was how the issue was described by the Iowa Court of Appeals. In the "Statement of Issues Presented for Review" section of Weatherspoon's brief to the Iowa Supreme Court, he broke down the questions presented into the following two issues: (1) "Counsel on Appeal Was Ineffective in Failing to Raise on Appeal the Issue of the Trial Court Erring When it Denied the Deceased's Psychiatrist's Testimony on the Issue of Character or Aggressiveness of the Deceased When Michael Weatherspoon Had Claimed Self-Defense," and (2) "Counsel on Appeal Was Ineffective in Failing to Raise on Appeal the Issue of the Trial Court Erring in Denying All the Testimony of Six Witnesses on the Issue of the State of Mind of Michael Weatherspoon Which Was Necessary to Support His Claim of Self-Defense of the Defense of a Third Party." Appellant's Brief, *State v. Weatherspoon*, No. 03-4098 (Iowa Sup. Ct. Nov. 15, 2004), pp. iii-iv.

the Iowa Court of Appeals. The third issue, alleging ineffective assistance of trial counsel, in entirely new.

Weatherspoon claims his appellate counsel was ineffective in failing to challenge on appeal the trial court's exclusion of the testimony of seven witnesses. The Iowa Court of Appeals addressed this question in the post-conviction appeal, and held that the issue had not been preserved for review. The court held:

> The postconviction relief court did not address or pass on the merits of Weatherspoon's challenges with respect to any of the witnesses raised in this appeal. We do not address issues, even of a constitutional nature, first raised on appeal. *State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982). "Issues must ordinarily be presented to and passed on by the trial court before they may be raised and adjudicated on appeal." *Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995). It is well settled that a rule 1.904(2) motion to enlarge or amend the court's findings of fact and conclusions of law is essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory. *State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206-07 (Iowa 1984) (citations omitted). Weatherspoon makes no claim to have presented a rule 1.904(2) motion to the trial court. Therefore, we conclude Weatherspoon failed to preserve error with respect to any of the challenged witnesses.

*Weatherspoon II*, 2005 WL 723882 at *1.

This court has reviewed the opinion by the post-conviction trial judge, and has confirmed that the judge did not address this issue in his opinion. *See* PCR Appellate Appendix, pp. 277-86 (PCR Court's ruling dated March 10, 2003). Because the Iowa Court of Appeals decision rests on an "independent and adequate" state procedural ground, these claims are procedurally defaulted. *Bailey*, 358 F.3d at 1004.[6]

---

[6]Weatherspoon argues this court "should respect the Iowa Court of Appeals' decision to waive its error preservation rules and to proceed to the merits of the ineffective assistance of appellate counsel claim." Doc. No. 23, p. 33. The appellate court did not "waive" its error preservation rules. The court addressed the merits only after stating it was doing so " notwithstanding" its conclusion that the issue was

19

Weatherspoon also claims his trial counsel was ineffective in failing to seek an accomplice instruction regarding Delona Webster. Webster was the only eyewitness to the crime, and at one time, she also was charged with Dean's murder. Weatherspoon argues that based on these facts, he was entitled to an accomplice instruction. *See* Iowa Uniform Instruction 200.4. His trial counsel did not request this instruction,[7] and no such instruction was given to the jury.

Weatherspoon concedes that this issue was never raised or addressed in any state court proceeding. He states, "Other than the fundamental miscarriage of justice exception, no other exceptions apply." Doc. No. 23, p. 68. He cites no authorities to support the application of the "fundamental miscarriage of justice" exception to these facts, and the court can find none.

This "narrow exception" has been explained by the Eighth Circuit Court of Appeals as follows:

> A procedural default will be excused if petitioner can demonstrate that a fundamental miscarriage of justice will occur from the federal court's refusal to entertain the claim. *See [Keeney v.] Tamayo-Reyes*, 504 U.S. [1, 11-12], 112 S. Ct. [1715,] 1721[, 118 L. Ed. 2d 318 (1992)]; *Murray [v. Cater]*, 477 U.S. [478,] 495-96, 106 S. Ct. [2639,] 2649-50[, 91 L. Ed. 2d 397 (1986)]. In order to fall within this exception, petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S. Ct. at 2649. Recently, the United States Supreme Court refined the

procedurally defaulted. *Weatherspoon II*, 2005 WL 723882 at **1-2. In such a situation, a state court can rule that an issue has been procedurally defaulted and then proceed to address the merits of the issue without obviating its procedural ruling. *See Harris v. Reed*, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 1044 n.10, 103 L. Ed. 2d 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding.").

[7]Weatherspoon's trial counsel testified at the PCR hearing that he did not ask for an accomplice instruction because there was an abundance of corroborating evidence. In his words, it was "unthinkable" that the jury would convict Weatherspoon on Webster's testimony alone. PCR Appellate Appendix, p. 279 (PCR Court's ruling dated March 10, 2003).

> "actual innocence" standard and held that "to show 'actual
> innocence' one must show by clear and convincing evidence
> that but for a constitutional error, no reasonable juror would
> have found the petitioner eligible for the death penalty."
> *Sawyer v. Whitley*, 505 U.S. 333, [336], 112 S. Ct. 2514,
> 2517, 120 L. Ed. 2d 269 (1992). This new standard also
> applies to habeas challenges to convictions. *McCoy v.
> Lockhart*, 969 F.2d 649 (8th Cir. 1992).

*Cornell v. Nix*, 976 F.2d 376, 381 (8th Cir. 1992). *See Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) ("Procedural default is a bar to a claim unless that claim falls into several narrow exceptions . . . [one of which] is actual innocence. Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice.") (citing *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2564-65).

To overcome his procedural default of this claim on the basis of a fundamental miscarriage of justice, Weatherspoon would have to show "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Cox*, 398 F.3d at 1031 (quoting *Schlup v. Delo*, 513 US. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995)). He has not even attempted to make such a showing with regard to the accomplice instruction. Accordingly, this "narrow exception" does not apply here.

In any event, Weatherspoon admits that he did not seek review by the Iowa Supreme Court after Iowa Court of Appeals denied his state post-conviction appeal. Thus, none of the issues raised in his post-conviction case were presented to the Iowa Supreme Court after the Iowa Court of Appeals denied his appeal. Providing the State with the opportunity to consider and rule upon alleged violations of constitutional rights is a necessary precursor to federal review. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]")

In *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004), the United States Supreme Court explained the exhaustion requirement in § 2254 cases:

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*) (quoting *Picard V. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (***including a state supreme court with powers of discretionary review***), thereby alerting that court to the federal nature of the claim. *Duncan, supra*, at 365-366, 115 S. Ct. 887; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

*Baldwin*, 541 U.S. at 29, 14 S. Ct. at 1349 (emphasis added). As the highlighted language indicates, failure to seek further review when available constitutes a failure to exhaust a claim.

Weatherspoon argues that the "discretionary review" required by *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), does not apply because "he has already given the Iowa Supreme Court an opportunity to rule on his claim during his initial post-conviction process." Doc. No. 23, p. 34. He argues the Iowa appellate process is a two-tiered appellate process. "Iowa appellants do not first raise their claims to the Iowa Court of Appeals, and then seek further review to the Iowa Supreme Court. All Iowa appeals are first presented to the Iowa Supreme Court. . . . After considering the brief, the Iowa Supreme Court then determines whether to retain review, or transfer review to the Iowa Court of Appeals. . . ." *Id*. at 35. He notes that his post-conviction appellate counsel specifically asked the Iowa Supreme Court to retain the appeal, and although the case was transferred to the Iowa Court of Appeals, the transfer occurred after the appeal was fully briefed. *Id*. at 36. From this, he concludes that the Iowa Supreme Court had an opportunity to consider the case. *Id*. Alternatively, he argues an application

for further review by the Iowa Supreme Court is not a routine or essential part of the Iowa appellate process. *Id*. at 37-41.

Unfortunately, the courts that have considered these arguments have uniformly rejected them. *See Frey v. Schuetzle*, 151 F.3d 893, 897 (8th Cir. 1998) ("Before a federal court may reach the merits of a claim in a *habeas* petition by a state prisoner, it must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."); *Armstrong v. Iowa*, 428 F.3d 924, 926 (8th Cir. 2005) ("failure to appeal the denial of state post-conviction relief to the Supreme Court of Iowa was a failure to exhaust."); *Sillick v. Ault*, 358 F. Supp. 2d 738 (N.D. Iowa 2005) ("In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument."); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Dixon v. Dormire*, 263 F.3d 774, 779-90 (8th Cir. 2001) (discretionary review by the Missouri Supreme Court required to avoid procedural default).

Because Weatherspoon did not seek review by the Iowa Supreme Court after the Iowa Court of Appeals denied his state post-conviction appeal, none of the issues raised in his post-conviction action was "fairly presented" to the state court. Therefore, he has failed to exhaust his available remedies with regard to these claims, and they now are procedurally defaulted.

Weatherspoon has failed to exhaust all of his claims of ineffective assistance of counsel, and those claims are procedurally defaulted. The court therefore recommends that these claims be **denied**.

### IV. CONCLUSION

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[8] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that Weatherspoon's application for writ of habeas corpus be **denied**.

**IT IS SO ORDERED.**

**DATED** this 27th day of January, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[8]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).