**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

MICHAEL BURNETT
WEATHERSPOON,

        Petitioner,

vs.

JOHN AULT, Warden,

        Respondent.

No. C05-3051-MWB

**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING PETITION FOR A WRIT OF HABEAS CORPUS**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.  Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *A.  Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        *1.    Standard of review of report and recommendation* . . . . . . . . . 6
        *2.    General standards for § 2254 relief* . . . . . . . . . . . . . . . . . . 7
    *B.  Weatherspoon's Objections* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *1.    Whether the federal due process claim was fairly presented* . . . 9
        *2.    Sufficient evidence regarding the lack of justification* . . . . . 12
        *3.    Applying fundamental miscarriage of justice exception* . . . . 14

*III.  CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## I. INTRODUCTION AND BACKGROUND

Petitioner Michael Burnett Weatherspoon's Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody comes before the court pursuant to a Report and Recommendation of Chief United States Magistrate Judge Paul A Zoss recommending that the petition be denied. Weatherspoon filed objections to the report and recommendation. The respondent filed no objections to the report and recommendation and no response to Weatherspoon's objections. The court now considers whether to accept, reject, or modify Judge Zoss's Report and Recommendation in light of the objections.

### A. Procedural Background

Weatherspoon is an inmate at the Anamosa State Penitentiary, Anamosa, Iowa. Following a jury trial, he was convicted of murder in the first degree and sentenced to life imprisonment. Weatherspoon filed a direct appeal of his conviction. On appeal, he asserted that the state trial court erred in not granting his motion for judgment of acquittal based on the insufficiency of the evidence to support his conviction. Specifically, Weatherspoon contended that the trial court erred in failing to grant his motion because the state failed to establish that he did not act with justification. His appeal was denied by the Iowa Court of Appeals. *State v. Weatherspoon*, No. 98-2214, 2000 WL 328056 (Iowa Ct. App. Mar. 29, 2000) (unpublished table opinion) (*"Weatherspoon I"*). On April 6, 2001, Weatherspoon filed an application for post-conviction relief. After a hearing, Weatherspoon's application for post-conviction relief was denied. Weatherspoon appealed that decision to the Iowa Supreme Court, which referred his appeal to the Iowa Court of Appeals. Weatherspoon contended that he received ineffective assistance of appellate counsel because his counsel failed to appeal the trial court's exclusion of testimony from

the victim's psychiatrist and six other witnesses. On March 31, 2005, the Iowa Court of Appeals affirmed the denial of his application for post-conviction relief. *See Weatherspoon v. State*, 697 N.W.2d 126, 2005 WL 723882 (Iowa Ct. App. March 31, 2005) (unpublished table opinion) (*Weatherspoon II*). Weatherspoon did not seek further review from the Iowa Supreme Court.

Weatherspoon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After his request for the appointment of counsel was granted, Weatherspoon filed an amended petition. In his amended petition, Weatherspoon challenges his conviction on the following grounds: (1) "Mr. Weatherspoon's right to due process under the 5th and 14th amendments was violated because the state failed to prove each and every element beyond a reasonable doubt," (2) "Direct appeal counsel rendered ineffective assistance of counsel when he failed to challenge on appeal the trial court's exclusion of Mr. Dean's psychologist's testimony on the issue of character of aggressiveness of the deceased when Michael Weatherspoon had claimed self defense," (3) "Appellate counsel rendered ineffective assistance of counsel under 6th and 14th amendments by failing to challenge on appeal the trial court's exclusion of six witnesses on the issue of the state of mind of Michael Weatherspoon which was necessary to support his claim of self defense of defense of third party," and (4) "Ineffective assistance of trial counsel for failure to seek an accomplice instruction." Amended Pet., Doc. No. 15, at 4-9.

The case was referred to Chief United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Zoss filed a thorough and comprehensive Report and Recommendation in which he recommended denial of Weatherspoon's petition. In his Report And Recommendation, with respect to Weatherspoon's due process claim, Judge Zoss concluded that Weatherspoon had not fairly presented the Iowa Court of Appeals with a due process argument under the United States Constitution and, therefore,

3

this claim had not been exhausted. Alternatively, Judge Zoss concluded that the evidence presented at Weatherspoon's trial on the element of justification was sufficient to support his conviction. Turning to Weatherspoon's ineffective assistance of counsel claims, Judge Zoss concluded that these claims were all procedurally barred because the Iowa Court of Appeals's decision rested on independent and adequate state procedure grounds. Judge Zoss also determined that these claims were procedurally defaulted because Weatherspoon had failed to exhaust his available state remedies by not seeking review by the Iowa Supreme Court after the Iowa Court of Appeals denied his state post-conviction appeal.

Weatherspoon filed objections to Judge Zoss's Report and Recommendation on March 3, 2009, asserting the following objections: (1) Judge Zoss erred in finding that Weatherspoon failed to fairly present his federal due process claim in the Iowa appellate courts; (2) Judge Zoss erred in finding that the State of Iowa had proved Weatherspoon lacked justification beyond a reasonable doubt; and, (3) Judge Zoss should have found the fundamental miscarriage of justice exception excused Weatherspoon's procedural default of his claims. The respondent, in an apparent attempt to underwhelm the court, filed no objections to the Report and Recommendation and no response to Weatherspoon's Objections.

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss noted that, on direct appeal, the Iowa Court of Appeals summarized the facts of the case as follows:

> Delona Webster was an exotic dancer at The Outer Edge, a dance club in Mason City, Iowa. On the evening of March 3, 1998, she met Jerry Dean, an Outer Edge patron. Dean gave her his address as room 125 in the Willow Run Annex.
>
> After 1:30 a.m. that evening Michael Weatherspoon,

4

> Webster's companion, took Webster and her two children to the Willow Run Annex to rendezvous with Dean. After being invited in by Dean, Dean asked Webster about having sex and offered $200. She refused. Webster told Dean she was going to leave. After considerable negotiations, Dean agreed to a dance. Webster wanted payment before she danced. At that time, Weatherspoon came in the door and asked Webster if something was wrong. Dean and Weatherspoon began to argue about payment for the private dance. Dean picked up a sheathed knife on a table and approached Weatherspoon. Weatherspoon punched Dean, and a struggle began. Weatherspoon obtained control of the knife and stabbed Dean in the chest. Dean died as a result of the loss of blood due to fourteen separate stab wounds.
>
> As Dean laid bleeding to death, Weatherspoon took Dean's billfold. Weatherspoon, Webster, and the kids left the area. On the way back to their motel Weatherspoon made a derogatory comment and threw Dean's billfold out of the window of the vehicle. Webster disposed of Weatherspoon's bloody clothes in a dumpster. On March 4, 1998, Weatherspoon paid $900 toward the purchase of a Cadillac automobile, using a false name.
>
> Michael Weatherspoon was charged with first-degree murder in violation of Iowa Code sections 707.1 and 707.2(1) or 707.2(2) (1997). Weatherspoon relied on the defense of self-defense. The jury found Weatherspoon guilty of first-degree murder.
>
> *Weatherspoon I*, 2000 WL 328056 at *1.

Report and Recommendation at pp. 2-3. Judge Zoss also noted that, in its post-conviction relief decision, the Iowa Court of Appeals summarized the facts of the case as follows:

> On the evening of March 3, 1998, Delona Webster, an exotic dancer, met Jerry Dean at The Outer Edge, a dance club in Mason City, Iowa. Webster agreed to perform a private dance for Dean in exchange for money. She arranged to meet Dean

5

> in his hotel room later that night.
>
> At approximately 1:30 a.m. the following morning, Michael Weatherspoon, Webster's companion, drove Webster and her two children to Dean's room. Webster went inside while Weatherspoon remained in the vehicle with the two children. Once inside, Dean and Webster engaged in a lengthy discussion regarding payment for the dance. Before an agreement could be reached, Weatherspoon came to the door. Webster informed him Dean would not agree to her payment terms. Weatherspoon then began to argue with Dean. The argument escalated, and eventually Dean picked up a sheathed knife and approached Weatherspoon. Weatherspoon punched Dean. While Dean was doubled over from the punch, Weatherspoon obtained control of the knife. He stabbed Dean fourteen times. Prior to fleeing the scene, Weatherspoon took Dean's billfold. Upon leaving the motel, Weatherspoon discovered the billfold did not contain any money. Weatherspoon then referred to Dean as a "dirty mother fucker" and threw the billfold out the window of his truck. Dean died at the scene of the crime due to loss of blood from his wounds.
>
> *Weatherspoon II*, 2005 WL 723882 at *1.

Report and Recommendation at pp. 3-4. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. ANALYSIS

### A. Standard Of Review

#### 1. *Standard of review of report and recommendation*

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of

> those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

### 2. *General standards for § 2254 relief*

Section 2254(d)(a) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs Weatherspoon's amended petition.

7

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). In this instance, Weatherspoon seeks habeas relief under the second category. An "unreasonable application" of Federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. It is not enough that the state court applied clearly established federal law erroneously or incorrectly-the application must additionally be unreasonable. *Id.* at 411; *see Bell v. Cone*, 535 U.S. 685, 694 (2002) ("an unreasonable application is different from an incorrect one."). Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

### B. *Weatherspoon's Objections*

As noted above, Weatherspoon has three objections to Judge Zoss's Report and Recommendation. The court will consider each of Weatherspoon's objections in turn.

### *1. Whether the federal due process claim was fairly presented*

Weatherspoon's first objection is that Judge Zoss erred in finding that Weatherspoon failed to fairly present his federal due process claim in the Iowa appellate courts. In order to preserve an issue or claim for federal review, a petitioner must satisfy certain procedural requirements. Before seeking federal habeas corpus relief, a petitioner must first fairly present the substance of each claim to the state court in such a way which will alert the state court to the federal nature of each claim. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *Carney v. Fabian*, 487 F.3d 1094, 1096-97 (8th Cir. 2007); *Middleton v. Roper*, 455 F.3d 838, 856 (8th Cir. 2006); *Palmer v. Clarke*, 408 F.3d 423, 430 (8th Cir. 2005); *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005); *Barrett v. Acevedo,* 169 F.3d 1155, 1161-62 (8th Cir.) (*en banc*), *cert. denied,* 528 U.S. 846 (1999)); *Frey v. Schuetzle*, 151 F.3d 893, 897 (8th Cir. 1998); *Sweet v. Delo*, 125 F.3d 1144, 1153 (8th Cir. 1997); *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir. 1996) (*en banc*). This requirement gives the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) ( *per curiam* ) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). As the Supreme Court has explained:

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999) (internal citations and quotation marks omitted). Thus, to be eligible for relief here, Weatherspoon's due process claim

9

must have been "fairly presented" to the Iowa courts. As the Eighth Circuit Court of Appeals has explained

> "In order to fairly present a federal claim to the state courts, the petitioner must have referred to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.'" *McCall v. Benson,* 114 F.3d 754, 757 (8th Cir. 1997) (quoting *Myre v. State of Iowa,* 53 F.3d 199, 200 (8th Cir. 1995)). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." *Barrett v. Acevedo,* 169 F.3d 1155, 1161 (8th Cir. 1999) (en banc).

*Carney*, 487 F.3d at 1096-97; *see Cox*, 398 F.3d at 1031 ("To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.'") (quoting *Barrett,* 169 F.3d at 1161-62); *Sweet*, 125 F.3d at 1153 ("Raising a state-law claim in state court that is merely similar to the constitutional claim later pressed in a habeas action is insufficient to preserve the latter for federal review."). Fair presentation of a federal claim is not conditioned upon the state appellate court actually addressing the petitioner's claim as a federal issue. *Dye v. Hofbauer,* 546 U.S. 1, 3 (2005) ("Failure of a state appellate court to mention a federal claim does not mean the claim was not presented to it. 'It is too obvious to merit extended discussion that whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court. . . .'") (quoting *Smith v. Digmon,* 434 U.S. 332, 333 (1978)).

Application of these concepts in this case demonstrates that Weatherspoon did not

fairly present his federal due process claim to the Iowa courts. First, in the "Statement of The Issue Presented For Review" section of his brief to the Iowa Supreme Court, Weatherspoon did not label his claim as federal, making no reference to the Due Process Clause, the United States Constitution, or either the Fifth or Fourteenth Amendments. Rather, he framed the issue as follows: "Whether the district court erred in failing to grant the defendant's motion for judgment of acquittal based on the insufficiency of the evidence to support his conviction for murder in the first degree?" Appellant's Brief, *State v. Weatherspoon*, No. 98-2214 (Iowa Nov. 2, 1999), p. 1. In the argument section of his brief, Weatherspoon again makes no reference to the Due Process Clause, the United States Constitution, or either the Fifth or Fourteenth Amendments. As Judge Zoss noted in his Report and Recommendation, while Weatherspoon does refer to a single Supreme Court decision, *Jackson v. Virginia,* 443 U.S. 307, 317 (1979), an Iowa Supreme Court decision citing another Supreme Court decision, and "due process", these boilerplate citations were in reference to the reasonable doubt standard of review in a criminal case. Weatherspoon's sole bare and isolated reference to due process and single citation to *Jackson,* however, constitute no more than the scattering of "some makeshift needles in the haystack of the state court record," *McNair v. Campbell,* 416 F.3d 1291, 1303 (11th Cir. 2005) (citation and quotation marks omitted), and are clearly insufficient to alert the Iowa courts of the federal nature of his claim. *See Gray v. Netherland,* 518 U.S. 152, 162-163 (1996) (concluding that "a general appeal to a constitutional guarantee as broad as due process" is insufficient to fairly present the federal nature of such a claim to a state court); *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) ("perfunctory reference to due process without discussion does not bring the issue before this court"); *see also Castillo v. McFadden,* 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal

11

theory."); *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000) (noting that "naked reference to due process" was insufficient to state a federal claim); *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997) ( noting that fair presentation requires more than "[o]blique references which hint that a theory may be lurking in the woodwork."). Notably, the Iowa cases Weatherspoon did cite in his brief do not address relevant federal constitutional law. Instead, Weatherspoon's brief, and the Iowa cases cited in it, focus on his defense of justification, a defense codified under Iowa law. *See* IOWA CODE § 704.3.[1] Accordingly, the court concludes that Weatherspoon did not fairly present his federal due process claim based on the sufficiency of the evidence to the Iowa courts and, therefore, has not exhausted his available state law remedies as to this claim. Thus, Weatherspoon's first objection to Judge Zoss's Report and Recommendation is overruled.

### 2.     *Sufficient evidence regarding the lack of justification*

Weatherspoon's second objection is that Judge Zoss erred in finding that the State of Iowa had proved Weatherspoon lacked justification beyond a reasonable doubt. Although Judge Zoss found that Weatherspoon had not exhausted his federal due process claim in the Iowa courts, he nevertheless addressed the merits of one part of his claim, namely, whether the evidence presented at trial on the element of justification was sufficient to support Weatherspoon's conviction. Addressing this question from the perspective of federal due process, Judge Zoss concluded that, after viewing the evidence in the light most favorable to the prosecution, he could not "say that no rational trier of fact could have found beyond a reasonable doubt that Weatherspoon was not justified in killing Jerry Dean." Report and Recommendation at 17. Weatherspoon objects to this

---

[1] Iowa's justification defense, as codified, provides: "A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force." IOWA CODE § 704.3.

conclusion. "[T]he due process guaranteed by the Fourteenth Amendment [directs] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia,* 443 U.S. 307, 316 (1979). The court must uphold the jury's verdict if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *accord Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004) (citing this standard from *Jackson*); *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (also citing this standard from *Jackson*). Under this standard, "[a]ll conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance*, 392 F.3d at 290 (citing *Jackson*, 443 U.S. at 326). Moreover, "[i]n applying this standard, '[t]he scope of [the court's] review for a collateral challenge to the sufficiency of the state's evidence is extremely limited. . . . [The court] must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [the court] must defer to that resolution.'" *Sexton*, 278 F.3d at 814 (quoting *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994), in turn citing *Jackson*, 443 U.S. at 326).

With this standard of review in mind, the court, like Judge Zoss, finds that a rational trier of fact could have found that Weatherspoon acted without justification in killing Jerry Dean. Weatherspoon argued at his trial the circumstances he now relies on, that Dean was the initial aggressor and brandished the knife at the beginning of the conflict, and this court must presume that the jurors resolved all conflicting inferences against Weatherspoon. *Id.* Viewing the evidence in the light most favorable to the prosecution, the court concludes that evidence exists in the record which would support a finding that Weatherspoon was not justified in killing Jerry Dean. When Dean

13

approached Weatherspoon with the knife, it was sheathed. After Weatherspoon disarmed Dean of the knife, he proceeded to stab Dean fourteen times. Stab wounds which required, according the prosecution's forensic expert, "a lot of force." As found by the Iowa Court of Appeals, "Weatherspoon may have initially believed he was in imminent danger of death or injury and reasonable force was necessary to save himself or Webster. Once he obtained control of the knife, he did not have reasonable grounds for continuing that belief. Weatherspoon became the aggressor. Once Weatherspoon obtained control of the knife, he could have left the premises." *Weatherspoon I*, 2000 WL 328056 at *2. This finding is supported by the fact that at the time of the confrontation, Dean was fifty-five years old, suffering from numerous disabling health conditions, including obstructive pulmonary disease and nerve damage to his right shoulder, and intoxicated. Weatherspoon was twenty-eight years old. A jury could reasonably find that a person in Dean's physical condition was no longer a threat to Weatherspoon once disarmed. In addition, because no cuts or scrapes were observed on Weatherspoon's hands and no defensive wounds were found on Weatherspoon's body, a jury could reasonably infer that Weatherspoon wrested the knife away from Dean while it was still sheathed. Thus, a jury could reasonably have found that Weatherspoon unsheathed the knife and stabbed Dean after all threat to his own safety had ended. Accordingly, the court concludes that the evidence presented at trial, viewed in the light most favorable to the prosecution, was sufficient to allow a rational trier of fact to find that the state proved beyond a reasonable doubt that there was not justification for Weatherspoon's actions. Therefore, Weatherspoon's second objection to Judge Zoss's Report and Recommendation is also overruled.

### 3.  *Applying fundamental miscarriage of justice exception*

Judge Zoss found that Weatherspoon failed to exhaust all of his claims of ineffective assistance of counsel, causing those claims to be procedurally defaulted, because he either

did not raise the claim in state court at all or did not seek review by the Iowa Supreme Court after the Iowa Court of Appeals denied his other claims of ineffective assistance of counsel. Weatherspoon's third and final objection is that Judge Zoss should have found the fundamental miscarriage of justice exception excused Weatherspoon's procedural default of his claims of ineffective assistance of counsel.

A federal court may consider the merits of a procedurally defaulted claim where failure to do so would result in a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 315 (1995). The miscarriage of justice exception represents "an effort to 'balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case.'" *House v. Bell,* 547 U.S. 518, 536 (2006) (quoting *Schlup,* 513 U.S. at 324). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *House,* 547 U.S. at 537. However, under the miscarriage of justice exception, review of the merits of a defaulted claim is permitted where the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup,* 513 U.S. at 316. This standard "requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 327. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* This "gateway" claim requires "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *House,* 547 U.S. at (quoting *Schlup,* 513 U.S. at 324). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614,

15

623 (1998) (citing *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992)); *see Morales v. Ornoski*, 439 F.3d 529, 533 (9th Cir. 2006) (quoting *Bousely*, 523 U.S. at 623); *Martin v. Perez*, 391 F.3d 799, 802-03 (6th Cir. 2004) (same); *see also Embrey v. Hershberger,* 131 F.3d 739, 741 (8th Cir. 1997) (*en banc*) ("[M]iscarriage of justice exception is concerned with actual as compared to legal innocence").

Here, Weatherspoon has failed to make the requisite showing of actual innocence. Weatherspoon does not claim that new evidence shows he is factually innocent of stabbing Dean. Instead, he claims that he is *legally* innocent because his conduct was justified under the doctrine of self-defense. The miscarriage of justice exception, however, only applies to claims of factual innocence. *See Ellis v. Hargett,* 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (holding that the fundamental miscarriage of justice exception did not apply to petitioner's claim that he was innocent because he acted in self-defense); see also Short v. Jones, 246 Fed. App'x. 586, 591 (10th Cir. 2007) ("[A] self defense claim invokes the defendant's legal-not factual-innocence"); *Brown v. Gibson*, 7 Fed. App'x 894, 906 (10th Cir. 2001) (holding that fundamental miscarriage of justice exception inapplicable where petitioner argued that he killed victim in self-defense because "[petitioner] argues legal, not actual, innocence."); *Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000) (concluding petitioner had failed to show actual innocence where he did not claim he was innocent of killing the victim but rather that he was not guilty of murder because he acted in self defense); *Moleterno v. Nelson,* 114 F.3d 629, 636 (7th Cir. 1997) (holding that petitioner did not make a claim of "actual" innocence as opposed to "legal" innocence where prisoner argued self-defense). As a result, Weatherspoon's claims of ineffective assistance of counsel cannot be reviewed since they were procedurally defaulted. Therefore, Weatherspoon's third objection to Judge Zoss's Report and Recommendation is also overruled.

16

## III. CERTIFICATE OF APPEALABILITY

Weatherspoon must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Weatherspoon's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Weatherspoon's claims, the court does not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Weatherspoon wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson,* 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV. CONCLUSION

The court **accepts** Judge Zoss's Report and Recommendation. Therefore,

Weatherspoon's Petition for Writ of Habeas Corpus is **dismissed**. The court further orders that no certificate of appealability shall be issued for any of Weatherspoon's claims.

**IT IS SO ORDERED.**

**DATED** this 21st day of April, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA